UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HERRA JOSE ALTAGRACIA,

                        Petitioner,        **DECISION AND ORDER**

    v.

                                            6:16-CV-06647 EAW

JEFF SESSIONS,[1]

                        Respondent.
_____

I.      **Background**

Petitioner Herra Jose Altagracia ("Petitioner"), commenced this habeas proceeding on August 25, 2016, pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") violated his federal constitutional rights under the Fifth Amendment. (Dkt. 1). He requested relief, including asking that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondent to immediately release him from custody on the basis that there was no likelihood of his removal for the reasonably foreseeable future; (3) grant Petitioner "[h]umanitarian parole;" (4) order the Attorney General not to remove Petitioner for the

---

[1]    Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jeff Sessions, the Attorney General of the United States, has been substituted as the Respondent in this action.

duration of his petition;[2] and (5) grant any further relief the Court deems just and proper. (*Id.* at 16-17).

Petitioner, a citizen of the Dominican Republic (*id.* at 3), was admitted to the United States in 1989 (*id.* at 6).

On September 30, 2016, this Court ordered Respondent to file and serve an answer or motion to dismiss the petition, accompanied by a memorandum of law, within 45 days of service of the Order. (Dkt. 4). On November 1, 2016, Petitioner was released from administrative custody and was removed from the United States. (Dkt. 9-1 at 1). On November 16, 2016, Respondent moved to dismiss the Petition on the grounds of mootness. (Dkt. 6). Petitioner did not respond to Respondent's motion.

For the following reasons, Respondent's motion to dismiss (Dkt. 6) is granted, and the Petition is dismissed as moot.

## II. Discussion

### A. Jurisdiction

"[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Henderson v. Immigration & Naturalization Serv.*, 157 F.3d 106, 122 (2d Cir. 1998) (quoting 28 U.S.C. § 2241)). When considering a habeas corpus petition, "the 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y.

---

[2] The Court construes this request as one for a stay of removal during the pendency of the proceeding.

2003). "A non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot as a result of the deportation." *Id.* at 1120-21. Petitioner "must show 'collateral consequences adequate to meet Article III's injury-in-fact requirement.'" *Sayavong v. McElroy*, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (quoting *Ramirez v. Immigration & Naturalization Serv.*, 86 F. Supp. 2d 301, 303-04 (S.D.N.Y. 2000)).

District courts do not have jurisdiction to review final orders of removal. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). The Second Circuit has found that § 1252(a)(5) "unequivocally eliminates habeas corpus review of orders of removal" by a district court. *Marquez-Almanzar v. Immigration & Naturalization Serv.*, 418 F.3d 210, 215 (2d Cir. 2005). This statute "does not affect the district courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. Civ. 305CV733(PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

B. <u>Mootness</u>

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). "Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that [the] petitioner continues to suffer

'collateral consequences' of the conviction upon which the now-ended incarceration was based." *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009). However, "[t]he district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Id.* at 341; *see also Williams v. Immigration & Naturalization Serv.*, No. 02CIV3814(GBDGWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him"); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

Here, the relief sought by Petitioner included this Court: (1) assuming jurisdiction over the matter; (2) granting Petitioner a writ of habeas corpus directing Respondent to immediately release him from custody on the basis that there was no likelihood of his removal for the reasonably foreseeable future; (3) granting Petitioner "[h]umanitarian parole;" (4) ordering the Attorney General not to remove Petitioner for the duration of his petition; and (5) granting any further relief the Court deems just and proper. (*Id.* at 16-17).

As to Petitioner's third request, only the Attorney General of the United States can grant "parole into the United States . . . for urgent humanitarian reasons. . . ." 8 U.S.C. § 1182(d)(5)(A); *Bruce v. Slattery*, 781 F. Supp. 963, 968 (S.D.N.Y. 1991) ("The Second Circuit has recognized that Congress vested in the Attorney General 'broad discretionary

power to parole unadmitted aliens pending a final determination on their application for admission to the United States.'" (citing *Bertrand v. Sava*, 684 F.2d 204, 212 (2d Cir. 1982))). Further, the Attorney General's decision regarding humanitarian parole is generally non-reviewable. 8 U.S.C. § 1252(a)(2)(B)(ii) (stating that courts do not have jurisdiction to review discretionary decisions of the Attorney General regarding, *inter alia*, humanitarian parole); *Milardo v. Kerilikowske*, CIVIL ACTION NO. 3:16-MC-00099 (VLLB), 2016 WL 1305120, at *4 (D. Conn. Apr. 1, 2016) ("[C]ourts in this Circuit recognize that the decision to grant an alien parole is normally not reviewable by district courts."). "[T]he Attorney General's exercise of his broad discretionary power must be viewed at the outset as presumptively legitimate and bona fide in the absence of strong proof to the contrary." *Bruce*, 781 F. Supp. at 968 (citation omitted). Plaintiff has made no showing regarding the Attorney General's decision not to grant humanitarian parole, let alone "strong proof" that the Attorney General's decision was illegitimate. Therefore, Petitioner's third request for relief must be dismissed.

As to Petitioner's fourth request, this Court never had jurisdiction to review his final order of removal.

With regard to the remainder of his requests, the Petition became moot upon Petitioner's release from the custody of the United States. *Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010) ("[B]ecause [the petitioner] has been deported, the only relief available to him in this habeas proceeding—namely, release from continued detention in administrative custody—has been granted. . . . Therefore, [the petition] should be dismissed as moot."); *see Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.

1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Petitioner is no longer subject to the condition that caused his alleged deprivation, and, as a result, this Court lacks subject matter jurisdiction to further examine the merits of the petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 6) is granted, and the Petition is dismissed as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 7, 2017
    Rochester, New York